**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**JOSEPH CINQUINI,**
Plaintiff,

vs.

**CAVALRY PORTFOLIO SERVICES, LLC.,**
Defendant.
_____________________________________/

**COMPLAINT**
**JURY DEMAND**

## INTRODUCTION

1. Plaintiff alleges that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA") and the Telephone Consumer Protection Act, 42 U.S.C. § 227 *et seq*. ("TCPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, 1337, 1367, 15 U.S.C. § 1692k, and 47 U.S.C. § 227(b)(3). *See* Mims v. Aarow Financial Services, LLC, No. 10-1195, 2012 U.S. LEXIS 906, 2012 WL 125429 (Jan. 18, 2012). Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls into this District.

## PARTIES

3. Plaintiff, Joseph Cinquini is a natural person and a citizen of the State of Florida, residing in Pinellas County in the Middle District of Florida.

4. Defendant, Cavalry Portfolio Services, LLC is a foreign limited liability company organized and existing under the laws of the State of Delaware with its principal place of business and corporate offices in Valhalla, New York.

5. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

6. Defendant regularly collects or attempts to collect debts for other parties.

7. Defendant is a "debt collector" as that term is defined in the FDCPA.

8. Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

**FACTUAL ALLEGATIONS**

9. Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family, or household purposes.

10. Defendant left the following messages on Plaintiff's voice mail on his cellular telephone on or about the dates stated:

<u>November 6, 2012 at 12:22 PM</u>
Yes, this message is for ah, um, my name is Ralph, I'm trying to get in contact with Joseph Cinquini. If you could call me back at 800-861-5118 extension 31620. Thank you.

<u>November 8, 2012 at 5:19 PM</u>
Yes, my name's Ralph trying to get in contact with Joseph Cinquini. If you could call back 800-861-5118 extension 31620. Thank you.

11. Defendant left similar or identical messages on other occasions. (Collectively, "the telephone messages").

12. The messages are "communications" as defined by 15 U.S.C. § 1692a(2). *See* <u>Belin v. Litton Loan Servicing</u>, 2006 U.S. Dist. LEXIS 47953 (M.D.Fla. July 14, 2006) (holding that messages left on the debtor's answering machine were "communications" under the FDCPA); <u>Foti v. NCO Fin. Sys.</u>, 424 F.Supp.2d 643, 655-56 (S.D.N.Y.2006) (holding that a

voice mail message is a "communication" under the FDCPA); Hosseinzadeh v. M.R.S. Assocs., Inc., 387 F.Supp.2d 1104, 1115-16 (C.D.Cal.2005) (same).

13. Defendant failed to inform Plaintiff in the messages that the communication was from a debt collector, failed to disclose the purpose of Defendant's messages, and failed to disclose Defendant's name.

14. Defendant used an automatic telephone dialing system or a pre-recorded or artificial voice to place numerous telephone calls to Plaintiff's cellular telephone within four years of this Complaint.

15. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227 (b)(1)(A).

16. Defendant willfully or knowingly violated the TCPA.

## COUNT I
## FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY IN VIOLATION OF THE FDCPA, 15 U.S.C. § 1692d(6)

17. Plaintiff incorporates Paragraphs 1 through 16 above as if fully set forth herein.

18. Defendant placed telephone calls to Plaintiff without making meaningful disclosure of its identity when it failed to disclose its name and purpose in the telephone messages in violation of 15 U.S.C §1692d(6). *See* Valencia v The Affiliated Group, Inc., Case No. 07-61381-Civ-Marra/Johnson, 2008 U. S. Dist. LEXIS 73008 (S.D.Fla., September 23, 2008); Wright v. Credit Bureau of Georgia, Inc., 548 F. Supp. 591, 593 (N.D.Ga. 1982); and Hosseinzadeh v. M.R.S. Assocs., 387 F. Supp. 2d 1104 (C.D. Cal. 2005).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a. Damages;

b. Attorney's fees, litigation expenses and costs of suit; and

c. Such other or further relief as the Court deems proper.

**COUNT II**
**FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR IN VIOLATION OF 15 U.S.C. § 1692e(11)**

19. Plaintiff incorporates Paragraphs 1 through 16 above as if fully set forth herein.

20. Defendant failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. §1692e(11). *See e.g.*, Foti v. NCO Fin. Sys., 424 F. Supp. 2d 643, 646 (S.D.N.Y. 2006); Belin v. Litton Loan Servicing, 2006 U.S. Dist. LEXIS 47953 (M.D.Fla. 2006); Leyse v. Corporate Collection Servs., 2006 U.S. Dist. LEXIS 67719 (S.D.N.Y. 2006).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a. Damages;

b. Attorney's fees, litigation expenses and costs of suit; and

c. Such other or further relief as the Court deems proper.

**COUNT III**
**AUTOMATED OR PRE-RECORDED CALLS TO PLAINTIFF'S CELLULAR TELEPHONE IN VIOLATION OF THE TCPA, 47 U.S.C. § 227 (b)(1)(A)(iii)**

21. Plaintiff incorporates Paragraphs 1 through 16 above as if fully set forth herein.

22. Defendant placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a. Damages;

b. A declaration that Defendant's debt collection practices violate the TCPA;

c. A permanent injunction prohibiting Defendant from placing non-emergency calls to the cellular telephone of Plaintiff using an automatic telephone dialing system or pre-recorded or artificial voice of the called party; and engaging in the complained of practices; and

d. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

*/s James Giardina*

[ X ] James S. Giardina – Trial Counsel
Fla. Bar No. 0942421
[ ] Kimberly H. Wochholz
Fla. Bar No. 0092159
**The Consumer Rights Law Group, PLLC**
3104 W. Waters Avenue, Suite 200
Tampa, Florida 33614-2877
Tel: (813) 435-5055 ext 101
Fax: (866) 535-7199
James@ConsumerRightsLawGroup.com
Kim@ConsumerRightsLawGroup.com
***Counsel for Plaintiff***